THE STATE OF TEXAS v. ESTATE OF AUGUST BLACK.

Decided May 18, 1899.

**Escheat—Suit for Not Maintainable, When.**

An action by the State to escheat the property of one alleged to have died without will and without heirs is not maintainable where an administration on the estate is pending in the County Court, and seven years have not elapsed since his death; and the amended Act of March 24, 1885, does not change the rule.

APPEAL from Victoria. Tried below before Hon. JAMES C. WILSON.

*J. V. Vanderberg,* District Attorney, and *Geo. M. Thurmond,* County Attorney, for appellant.

GARRETT, CHIEF JUSTICE.—This action was brought by the district attorney of the Twenty-fourth Judicial District and the county attorney of Victoria County in behalf of the State of Texas, to escheat a tract of land situated in Victoria County formerly belonging to August Black, deceased. The suit was filed October 30, 1897. The petition averred that Black died September 8, 1897, seized of the land; that he had made no devise thereof; that he had no heirs; that there were no persons in actual

possession of the land, and that no one was claiming the same within the knowledge of the petitioners. When the cause was called for trial the court dismissed it because there was then pending in the County Court of Victoria County administration upon the estate of Black. The judgment dismissing the petition recites that citation by publication had been duly made, but the record does not otherwise show such to have been the case.

It is claimed by the attorney representing the State that the amendment of article 1771 of the Revised Statutes of 1879, which was the Act of March 20, 1848, by the Act of March 24, 1885, as it appears in article 1822 of the Revised Statutes of 1895, authorizes the State to escheat the land notwithstanding the fact that administration may be pending. The language relied on is as follows: "Or where such attorney finds any estate real or personal in the condition specified in the next preceding article." This language, however, refers to the conditions under which the owner of the land would be presumed to have died without a will, and under which the period of seven years would be presumptive of death. In no event does the law authorize an escheat where administration is pending.

Even if the amendment did authorize escheat independent of pending administration where the estate was in the condition specified in article 1821, that would require nonassertion of claim for a period of seven years. It is alleged in the petition that Black died September 8, 1897; so the period of time which would create the condition had not elapsed. The language of the statute scarcely needs any construction; the holding of the court in Wiederanders v. State, 64 Texas, 133, that the State must show that there is no administration upon the estate, is not affected by the amendment of the law. The court did not err in holding that it was without jurisdiction on account of the pending administration, and in dismissing the suit. The judgment of the court below is affirmed.

*Affirmed.*