RUDOLPH ROCHELLE v. THE STATE.

No. 6327. Decided June 22, 1921.

1.—District Court—Jury and Jury Law—Invalidity of Statute.

That part of the Act of the Thirty-fourth Legislature, called session Chapter 28, establishing the Criminal District Court of Bowie County, which authorizes the jury composed of six men is invalid.

2.—Same—Constitutional Law—Number of Jurors—District and County Courts.

The expressions in the Constitution with reference to the number of men of which a jury shall be composed makes no specific mention of the grade of offense, but the number is controlled by the court in which the jury is organized; if in a County Court, the number is six; if in a District Court, twelve will be required by the Constitution.

3.—Same—Jurisdiction—County Court—District Court—Transfer.

When, under authority of the Constitution, the jurisdiction conferred thereby upon the County Court is transferred to the District Court, the character of the court is not changed. It remains a District Court with enlarged jurisdiction and trials are had, when a jury is demanded, before one composed of twelve men as is required by the Constitution in all District Courts.

4.—Same—Criminal District Court of Bowie County—Jury and Jury Law.

The Criminal District Court of Bowie County exercising jurisdiction which is conferred by the Constitution upon District Courts, is a district court with jurisdiction limited to criminal matters, and the clause in the

Constitution which prescribes the number of men that shall compose the jury in the District Court embraces the court in question, and the Legislature is without power to prescribe that the jury in such courts shall be composed in a manner different from that prescribed in the Constitution for a District Court.

Appeal from the Criminal District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of unlawfully catching fish, etc.; penalty, a fine of $25, and thirty days' confinement in the county jail.

The opinion states the case.

*W. W. Arnold,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted in the Criminal District Court of Bowie County for unlawfully catching fish; punishment fixed at a fine and imprisonment in the county jail.

The controlling legal question is whether that part of the Act of the Legislature creating the court, which declares that "in the trial of misdemeanor cases there shall be six jurors instead of twelve" is valid. As a preliminary step in the solution of this question, we must determine the character of the court in which appellant was tried. The caption of the law creating the court describes it as "An Act to establish and create a Criminal District Court for Bowie County." Acts of the Thirty-fourth Legislature, Fourth Called Session, Chap. 28. The first section of the act reads as follows:

"That there is hereby created and established at the town of Boston a Criminal District Court to be known as 'Criminal District Court of Bowie County' which court shall have and exercise, from and after the taking effect of this Act, original and exclusive jurisdiction over all criminal cases of the grade of felony in the county of Bowie of which district courts, under the constitution and laws of this State have original and exclusive jurisdiction, and shall have and exercise original and exclusive jurisdiction over misdemeanor cases as is hereinafter provided by this Act."

The Act provides that the district attorney for the Fifth Judicial District shall represent the State in all felony cases and the county attorney for Bowie County in all misdemeanor cases; and that the sheriff and clerk of the District Court of Bowie County shall be the sheriff and clerk, respectively, of the Criminal District Court; that the misdemeanor jurisdiction of the County Court is transferred to the Criminal District Court; that the judge is to be elected by the qualified voters of Bowie County for a term of four years; that he shall possess the same qualifications as are required of judges of the District Courts and shall receive the same compensation. He is given authority to exchange with any district judge under the rules pertaining to such exchange.

In classifying the court, the decision of the Supreme Court, in passing upon the validity of the Act creating the "Texarkana Civil and Criminal Court" is, we think, pertinent from the decision we quote:

"Looking at the provisions of this law—if the name of the court were blank—would any lawyer hesitate for a moment to write in the act the words 'District Court of Bowie County?' We think not. It has all of the jurisdiction that could be conferred upon the District Court of that county, except in probate matters; its officers are those of the District Court, its grand and petit juries are selected and governed by the same statutes, its rules of procedure are the same, and, as stated above, the expenses of holding the court are to be paid under the same provisions of the law, by the county. In other words, wherever the Constitution or the law now uses the words, 'District Court,' or where they might thereafter be used in the laws of this State, they are to embrace and apply to that court. In every essential element it is a District Court under the Constitution; the effect of the law is to make it such court, no matter what it may be called. How it could be embraced in all laws to govern District Courts, and not be that character of court, is difficult to understand. The Legislature could not change the effect of this law by calling it the 'Texarkana Civil and Criminal Court.' The substance and not the name must govern in the construction of that law."

The powers and jurisdiction of the District Courts are defined in the constitution. Art. 5, Sec. 8. Among them it is said:

"The district court shall have original jurisdiction in all criminal cases of the grade of felony."

Authority is also given the Legislature to transfer to the District Court the jurisdiction of the County Court in all misdemeanor cases. By Article 5, Section 1 of the Constitution of 1866 and 1896 express authority is conferred upon the Legislature to establish criminal District Courts, and in pursuance thereto such court was established in Galveston and Harris Counties. See Paschal's Digest of Laws, Vol. 2, page 1247, and Articles 6135 and 6172x. The jurisdiction and organization of the criminal District Courts established were, in all essential features, like that of the court created by the Act of the Thirty-fourth Legislature, which we are discussing, save that they were not given authority to try any case with a jury of six men.

In the adoption of the Constitution of 1876, Article 5, Section 1, was amended so as to limit and restrict the authority to create the criminal District Courts, though the status of those created in Galveston and Harris Counties are specifically preserved; and in the Acts of the Legislature the law defining the jurisdiction and manner of organization of the Criminal District Courts has been carried forward in each of the revisions of 1879, 1905, and 1911.

One of the sections embraced in this law pertaining to criminal District Courts is as follows: "All laws regulating the selection, sum-

moning and empaneling of grand and petit juries in the District Court shall govern the criminal District Court so far as the same may be applicable." (Sayles' Civil Statutes, Vol. 1, Art. 1504; R. S. 1879, Art. 1504; Acts of 1895, Art. 1527; R. S. 1911, Art. 2224.)

In 1891, Art. 5, Sec. 1, of the Constitution was amended to read as follows:

"The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in district courts, in county courts, in commissioners' courts, in courts of justices of the peace, and in such other courts as may be provided by law.

The Criminal District Court of Galvestion and Harris Counties shall continue with the district jurisdiction and organization now existing by law until otherwise provided by law.

The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." (Declared adopted September 22, 1921.) .

Article 5, Section 16, was also amended and from it we quote: "The county court shall not have criminal jurisdiction in any county where there is a criminal district court, unless expressly conferred by law, and in such counties appeals from justices' courts and other inferior courts and tribunals in criminal cases shall be to the criminal District Court."

Manifestly, under the power given the Legislature by Article 5, Section 1, as amended in 1891, it would have the power to create a criminal District Court, the language used being "the Legislature may establish such other courts as it may deem necessary." It must be observed that, from its inception, the criminal District Court, as defined in the statute and as recognized in the constitution, has exercised jurisdiction which is vested by the Constitution in the District Courts, that is, the jurisdiction of felony cases and all misdemeanors, when by law the jurisdiction of them is transferred from the County Court. The criminal District Court has, in all cases, contained elements essential to the district court created by the Constitution and had officers in common with the District Court created by the Constitution. Recalling that by express provisions of the Constitution, the jurisdiction in felony cases is conferred upon the District Court, and having in mind the legislative acts and constitutional provisions to which we have adverted, we are unable to classify the court in question as other than a District Court with jurisdiction limited to the trial of criminal cases.

It is true that by its terms, Article 5, Section 1, of the present Constitution does not limit the power of the Legislature to the creation of any particular court, but it is conceived that if, in the creation of a court, it confers jurisdiction which, under the constitution, belongs

to the District Courts, that it would not be privileged to depart from the provisions named in the Constitution with reference to the jury.

The Constitution, Article 5, Section 13, provides that "grand and petit juries in the District Courts shall be composed of twelve men." In the law creating criminal District Courts in former years, to which we have referred, it was provided that the rules of law governing the juries in District Courts should control the criminal District Courts. (R. S. 1879, Art. 1504; Acts of 1895, Art. 1527; R. S. 1911, Art. 2224.) In determining the character of court the Legislature created, whether a criminal District Court as described in the statutes existing at the time, or some other kind of a court, the laws prescribing the attributes of a criminal District Court are of weight (De Silvia v. State, 88 Texas Crim. Rep., 634), and the history of Article 5 section 1, and Article 5, Section 16, of the Constitution is worthy of consideration. By these articles reference is made and recognition given to the criminal District Courts which, in their organization and government. had been uniformly controlled by the constitutional provisions with reference to the selection of juries which were prescribed by the constitution for District Courts.

The expressions in the Constitution with reference to the number of men of which a jury shall be composed make no specific mention of the grade of offense, but the number is controlled by the court in which the jury is organized; if in a County Court, the number is six; if in a District Court, twelve will be required by the Constitution. When, under authority of the Constitution, the jurisdiction conferred thereby upon the County Court is transferred to the District Court, the character of the court is not changed. It remains a District Court with enlarged jurisdiction and trials are had, when a jury is demanded, before one composed of twelve men as is required by the Constitution in all District Courts. The Criminal District Court of Bowie County, exercising jurisdiction which is conferred by the Constitution upon District Courts, presided over by a district judge elected and qualified as others, ministered to by the sheriff and clerk designated in the Constitution as officers of the District Court, is, in our judgment, a District Court with jurisdiction limited to criminal matters, and the clause in the Constitution which prescribes the number of men that shall compose the jury in the District Court embraces the court in question. Section 1, Article 5, of the Constitution, as it now reads, authorizing the creation of other courts, when read in connection with other parts of the Constitution, places such a restriction upon the power of the Legislature that when it creates a court authorized to exercise all of the power and jurisdiction of a District Court in criminal matters, it cannot lawfully prescribe that the jury in such court shall be composed in a manner different from that prescribed in the Constitution for a District Court. From this view, it follows that. in our judgment, the part of the law in question which authorizes the

jury composed of six men in the Criminal District Court of Bowie County in certain cases is invalid.

The judgment of the trial court is therefore reversed and the cause remanded.

*Reversed and remanded.*