**GILLETTE'S ESTATE et al. v. STATE.\***
(No. 1881.)

(Court of Civil Appeals of Texas. El Paso. June 10, 1926. Rehearing Denied July 1, 1926.)

**1. Executors and administrators ☞29(3).**

Attack on proceedings in administration of an estate for fraud, irregularities in sale, and on administrator's claim against estate, *held* not a direct attack on order granting administration.

**2. Executors and administrators ☞349(2)— Recital in decree ordering sale of decedent's property that citation had been duly served cannot be contradicted on collateral attack.**

Recital in decree ordering sale of decedent's property that citation had been duly served, cannot be contradicted by collateral attack by other portions of record or evidence outside record, though process and service on which such recital was based were not identified.

**3. Escheat ☞6.**

Escheat proceeding in district court cannot be maintained while administration on estate is pending in county court, since state may protect its rights under Rev. St. 1911, arts. 3203, 3204, 3566 et seq.

**4. Escheat ☞6.**

Where administrator had been appointed, there is no presumption in escheat proceeding that administration is closed and administrator discharged.

**5. Escheat ☞6.**

Count to impress property of estate with constructive trust in favor of state, in proceeding primarily to escheat land, *held* defective in failing to show that no administration was pending.

**6. Escheat ☞6.**

Finding that administration had been closed will not support judgment for state in proceeding to escheat land, in absence of allegation that no administration was pending.

**7. Courts ☞42(3).**

County court at law in Eastland county, created by Acts 36th Leg. 2d Called Sess. c. 16 (Vernon's Ann. Rev. Civ. St. 1925, art. 1970—142 et seq.), conferring all jurisdiction theretofore possessed by county court, should be treated as county court regardless of name.

**8. Courts ☞42(3).**

Acts 36th Leg. 2d Called Sess. c. 16 (Vernon's Ann. Rev. Civ. St. 1925, art. 1970—142 et seq.), creating county court at law of Eastland county, *held* not invalid for investing court with all judicial functions theretofore conferred on county court, in view of Const., art. 5, § 1, under Amendment 1891.

**9. Courts ☞200.**

County court of Eastland county, created by Acts 36th Leg. 2d Called Sess. c. 16 (Vernon's Ann. Rev. Civ. St. 1925, art. 1970—142 et seq.), and possessing jurisdiction in probate matters, *held* to have jurisdiction of administration of decedent's estate.

**10. Statutes ☞46.**

Acts 36th Leg. 2d Called Sess. c. 16 (Vernon's Ann. Rev. Civ. St. 1925, art. 1970—142 et seq.), creating county court at law of Eastland county, *held* not invalidated by inconsistencies and uncertainties therein.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Escheat proceeding by the State against the estate of F. B. Gillette, deceased, and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Milton E. Lawrence and J. M. Ferrell, both of Eastland, for appellants.

Sayles & Sayles, of Eastland, amici curiæ.

Kirby, King & Overshiner and M. S. Long, all of Abilene, for the State.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error granted November 3, 1926.

HIGGINS, J. This is a suit by the state, instituted by its district attorney in the district court of Taylor county, against the "estate of F. B. Gillette," Mrs. Ada Lawrence, and her husband, H. E. Lawrence, to escheat 60⅔ acres of land situate in Taylor county. The suit was filed March 11, 1925.

The petition is in two counts. The first counts sets up. the facts as follows: F. B. Gillette died November 27, 1918, seized and possessed of said land. February 20, 1919, letters of temporary administration upon his estate were issued to H. E. Lawrence by the county court of Eastland county. No order was made at the succeeding term continuing such administration. April 21, 1923, H. E. Lawrence applied to the county court at law of Eastland county for letters of administration, and on May 18, 1923, said court attempted to appoint him administrator, and he attempted to qualify and to sell the land to L. Gann on September 19, 1923, under application and order of sale. Gann conveyed the land to Mrs. Lawrence. It was then alleged that the attempted appointment of H. E. Lawrence as administrator, and all proceedings thereunder, were null and void, because the county court at law had no jurisdiction in probate matters, and the act creating said court was unconstitutional, in so far as it attempted to confer such jurisdiction, and no valid administration was then pending upon Gillette's estate. The prayer was that the property be escheated.

The second count was in the alternative, if it was held that the administration proceedings in the county court at law were valid.

This count set up Gillette's death and the appointment of Lawrence as administrator and sale of the property to Gann under the court's orders and Gann's conveyance to Mrs. Lawrence; that the sale to Gann was for a grossly inadequate consideration, was fraudulent, and in reality a sale by the administrator to himself, the title being ultimately vested in the wife for his benefit; that in truth Gann paid nothing for the land; the administrator filed and caused to be approved false and fraudulent claims in his favor against the estate; that he caused the land to be sold at private sale in order to acquire it for himself, and the land would have brought a much higher price if it had been sold at public sale; that Mrs. Lawrence acquired the land with notice and knowledge of the fraud of the administrator, wherefore she held the land under a constructive trust in favor of the state; that by reason of the sale of the land and adverse title the county court at law had not full jurisdiction to adjudicate the rights of the parties but such jurisdiction was in the district court. The prayer was that the property be escheated, and, in the alternative, that a constructive trust in favor of the state be declared, and the land sold.

The case was tried without a jury. The findings and conclusions filed by the court are lengthy, and need not be fully set out. Sufficient will be stated to show the theory upon which the court based its judgment. The court found as follows: '

Citation was not issued and served as required by law upon the application for permanent administration, wherefore the county court at law never acquired jurisdiction of the estate, for which reason the administration was void. The land was worth $3,000, and was fraudulently appraised by the administrator and appraisers at $600. The administrator, on August 17, 1923, filed his application to sell the land to pay charges and claims. The only claim against the estate was that of the administrator for $883.90, which was false and fraudulent, and $632.47 of his claim was barred when it was presented. The service and return upon the citation issued on the application to sell was insufficient. The administration was closed by order dated March 17, 1925. Lawrence was at all times agent for his wife. Gann paid nothing for the land, acting as a mere conduit of title. The sale was fraudulent, and Mrs. Lawrence had actual and constructive notice thereof.

The court's conclusion of law was that the sale was void, but, if mistaken in that view, then Mrs. Lawrence had title to the land, impressed with a constructive trust in favor of the state.

The appellee requested an additional conclusion of law to the effect that the administration was void because the act conferring jurisdiction in probate matters upon the county court at law was unconstitutional. This conclusion the court declined to make.

The judgment rendered June 6, 1925, was that the state recover the land, and whatever title the defendants held through the probate proceedings was held in constructive trust for the state. The land was ordered sold after the expiration of two years.

It is manifest the trial court based its judgment upon the second count, and proceeded, first, upon the theory that the entire administration was void for want of service upon the application for permanent administration, and, if mistaken in that view, then the sale itself was voidable for irregularities, fraud, want of proper notice upon the application to sell, and that Mrs. Lawrence held the land in trust for the state, which acquired its title under the law of escheat.

[1] The second count made no direct attack upon the validity of the order granting letters of administration for want of notice or otherwise. In fact, by its alternative nature it assumed such validity. Nor was any

attack made upon the order of sale upon the ground of want of proper notice of the application for sale. The direct attack of the second count was leveled against certain of the proceedings in the administration upon the ground of fraud, irregularities in the sale proceedings, and an attack upon the merits of Lawrence's claim against the estate. This was not a direct attack upon the order granting administration. Bean v. City of Brownwood (Tex. Civ. App.) 44 S. W. 873.

[2] The order granting the administration recited that the court found proper citation, and notices had been published and posted as required by law. The decree ordering the sale recites that citation had been duly served as the law required. Neither of the orders identify the process and service upon which these recitals are based. Upon collateral attack these recitals import absolute verity, and cannot be contradicted by other portions of the record or by evidence dehors the record. Murchison v. White, 54 Tex. 78–86; Martin v. Burns, 80 Tex. 676, 16 S. W. 1072, 1073; Lyle v. Horstman (Tex. Civ. App.) 25 S. W. 802 (writ of error refused 27 S. W. xvi); Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847, 27 Am. St. Rep. 852; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329; Heath v. Layne, 62 Tex. 687–693; Daimwood v. Driscoll (Tex. Civ. App.) 151 S. W. 621. It thus follows that the judgment of the trial court cannot be sustained, in so far as it rests upon the theory of a void administration and sale for want of notice.

[3] It is well settled that an escheat proceeding in the district court cannot be maintained while administration upon the estate is pending. Hall v. Claiborne, 27 Tex. 217; Wiederanders v. State, 64 Tex. 133; State v. Black's Estate, 21 Tex. Civ. App. 242, 51 S. W. 555.

In the Wiederanders Case, supra, Judge Stayton said:

"To authorize the declaration of the escheat of an estate, it is necessary that it should be alleged that the deceased died without having devised it, and that there was no administration upon the estate. These things are alleged, but there is no proof whatever in regard to them."

In Hall v. Claiborne, supra, it was said:

"The statute of escheats was intended, simply, to vest the property belonging to the decedent in the state; its object was not to provide a different mode for the settlement of the estates of persons dying without heirs. The provisions of this law are wholly inadequate to this end. To attempt to do so under it would lead to irreconcilable confusion and embarrassment. By its very terms, however, the law is only applicable where no letters of administration on the estate of an intestate have been granted. Then unquestionably administration of such estates may be granted, unless jurisdiction has been ousted by the institution of proceedings in the district court, for the escheat of the property of the estate. Although a proceeding for this purpose had been commenced in the district court, by the district attorney, yet, on the day on which the application for letters of administration was made in the county court, it was dismissed by the court, on the motion of the district attorney himself, who appeared in the county court, and recommended the grant of administration on the estate to Claiborne. Under these circumstances, it cannot be doubted that the petition filed in the district court, to escheat the property of the intestate had been dismissed, and the jurisdiction of that court over it had ceased at the time that the county court was invoked by the application for the letters of administration."

[4, 5] The second count shows that an administration was granted upon Gillette's estate, and there is no allegation that such administration has been closed. In fact, the intendment of the count as a whole is that administration was then pending in the county court at law. Allegations are made showing why the suit was filed in the district court instead of applying for relief in the probate proceeding in the county court at law. There is no presumption that the administration has been closed and the administrator discharged. Blackwell v. Blackwell, 86 Tex. 207, 24 S. W. 389. We are therefore of the opinion that the second count of the petition is fatally defective in failing to show that no administration was then pending. This renders immaterial the finding that the administration had been closed by order dated March 17, 1925.

[6] We doubt if that order had the effect given to it by the trial court, but, if so, it cannot support the judgment because there was no pleading to support it and was contrary to the import of the second count that an administration was then pending in the county court at law.

The theory of the appellee is that the second count is a suit by the state to impress the land with a constructive trust in its favor because the land was conveyed in fraud of its rights, and the pendency of the administration is not a bar to such a suit. In support of this theory it cites Fisher v. Wood. 65 Tex. 199, Hickman v. Stewart, 69 Tex. 255, 5 S. W. 833, and other cases which recognize the authority of the district court at the suit of heirs and devisees to impress a constructive trust in their favor upon land fraudulently conveyed by an administrator. But we do not regard these authorities as controlling upon the question. They simply uphold the authority of the district court to impress a trust upon land fraudulently conveyed by an executor or administrator without setting aside the orders and decrees of the probate court upon which the sale was based. Though the second count does seek to impress a constructive trust

upon the land, this does not alter the fact that the proceeding is primarily to escheat the land.

As was pointed out in Hall v. Claiborne, supra, it "would lead to irreconcilable confusion and embarrassment" to permit an escheat proceeding in the district court, when an administration is·pending in the probate court. The state, as an interested party, has the right to compel final settlement of the estate and closing of the administration (articles 3566 et seq. R. S. 1911), and also has the right to contest the final account and settlement. Articles 3203, 3204; R. S. 1911. The various statutes regulating the administration of the estates of decedents in the county courts and by appeal to the district court provide ample means for the protection of the rights of the state in the estate of persons dying intestate and without heirs. It seems to us that it is not permissible for the state upon any theory to maintain this action while there is an administration pending. When the administration has been closed, a suit can then be maintained, if the facts warrant the same, to declare an escheat and impress the property with a constructive trust.

The judgment cannot be upheld under the second count. This view necessitates a consideration of the first count. The theory of the appellee is that the act creating the county court at law of Eastland county is unconstitutional and void in so far as it attempted to confer upon that court jurisdiction in probate matters; hence the administration upon Gillette's estate pending in said court is a nullity, and all proceedings therein likewise null.

[7] The Act of the Thirty-Sixth Legislature, 2d Called Sess. c. 16, p. 46 (Vernon's Ann. Rev. Civ. St. 1925, art. 1970—142 et seq.), undertook to create a county court at law in Eastland county. The act contains a number of incongruities, and in some respects is uncertain in its meaning. It is apparent, however, from a consideration of the act as a whole that it undertook to create a county court at law, and confer upon it all of the jurisdiction in civil, criminal and probate matters theretofore possessed by the county court. It would thus seem to be in all of its essential elements a county court, and should be treated as such regardless of its name. Whitener v. Belknap & Co., 89 Tex. 273, 34 S. W. 594; Turner v. Tucker (Tex. Sup.) 258 S. W. 149; Rochelle v. State, 89 Tex. Cr. R. 592, 232 S. W. 838. The cases last cited arose under acts undertaking to create courts in Bowie county. It was held that, regardless of the name conferred upon them, they were in truth district courts, and, since the acts contained features repugnant to certain provisions of the Constitution relating to district courts, such acts were unconstitutional.

The law now under consideration is not subject to any of the objections present in the cases cited. If the county court at law of Eastland county is in fact a county court, this is but a misnomer, and insufficient to render it an invalid court.

[8] On the other hand, if it is to be treated as a county court at law, distinct from the county court, then its creation is expressly authorized by section 1, article 5, of the Constitution under the amendment of 1891. Under that amendment it was competent for the Legislature to invest the county court at law with all of the judicial functions theretofore conferred upon the county court to the exclusion of the latter. This was expressly held in Harris County v. Stewart, 91 Tex. 133, 41 S. W. 650, and has never been overruled. Whittenberg v. Craven (Tex. Com. App.) 258 S. W. 152, is not in conflict with the ruling made in the Harris County Case.

[9] We therefore conclude that the county court at law of Eastland county is in the exercise of lawful jurisdiction in the administration of Gillette's estate. This being the case, the judgment cannot be sustained under the first count in the petition.

[10] In its brief appellee also urges that the act is so uncertain that it is void. There are inconsistencies and uncertainties in the same, but we do not think it is thereby invalidated.

Reversed and remanded.

WALTHALL, J., did not sit in this case.