**STATE v. GILLETTE'S ESTATE et al.**
(No. 1073—4707.)

Commission of Appeals of Texas, Section A.
March 28, 1928.

**1. Constitutional law ☞15—Court must give effect to every part of article of Constitution (Const. art. 5).**

In construing Const. art. 5, relative to judicial department, court must give effect to every part and every word, and unless there is clear reason to contrary, no portion should be treated as superfluous.

**2. Constitutional·law ☞14—Court must avoid construction which would render any portion of article meaningless (Const. art. 5).**

It is duty of court to avoid construction of Const. art. 5, relative to judicial department, which would render any portion or section thereof meaningless or inoperative.

**3. Constitutional law ☞14—In construing meaning of word in Constitution, court may resort to other sections for sense in which word is used.**

In construing meaning of particular word of Constitution, resort may be had to other sections of same instrument for sense in which word is used.

**4. Constitutional law ☞14—Expression of one thing in Constitution may necessarily involve exclusion of others.**

Expression of one thing in Constitution may necessarily involve exclusion of other things not expressed.

**5. Constitutional law ☞14—Exception of particular case in constitutional provision presupposes that those not included are embraced within terms of general grant or prohibition.**

Exception of any particular case in constitutional provision presupposes that all those which are not included in such exception are embraced within terms of general grant or prohibition.

**6. Constitutional law ☞56—Statute held unconstitutional in attempting to confer probate jurisdiction on county court at law for Eastland county (Acts 36th Leg. 2d Called Sess. [1919], c. 16; Const. art. 5, §§ 1, 8, 15, 16, 17, 22).**

Acts 36th Leg. 2d Called Sess. (1919) c. 16, *held* invalid in attempting to confer probate jurisdiction on county court at law for Eastland county under Const. art. 5, §§ 1, 8, 15, 16, 17, 22, since section 1, authorizing Legislature to establish "such other courts as it may deem necessary," is limited by section 16, conferring exclusive original probate jurisdiction on county courts, and section 22, providing for power to increase, diminish, or change civil and criminal jurisdiction of county courts.

**7. Constitutional law ☞56—Statute creating county court at law for Eastland county held unconstitutional (Acts 36th Leg. 2d Called Sess. [1919] c. 16).**

Acts 36th Leg. 2d Called Sess. (1919), c. 16, creating county court at law for Eastland county, *held* unconstitutional in that it creates separate office to be filled by regular county judge contrary to constitutional provision that no person can fill two offices, with certain exceptions, and because law accomplishes nothing except to add words "at law" to name of county court.

**8. Courts ☞202(4)—Use of words "at law" after "county court" in probate proceedings held surplusage and not to invalidate judgment, notwithstanding invalidity of statute creating county court at law.**

Probate orders and decrees made by duly qualified and acting county judge of Eastland county *held* valid notwithstanding use of words "at law" after "county court," notwithstanding that statute creating county court at law for Eastland county is unconstitutional, since use of words "at law" by court and county clerk should be treated as mere surplusage.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit on behalf of the state of Texas by N. S. Long, District Attorney, against Mrs. Ada Lawrence and husband, to escheat land composing part of the estate of F. G. Gillette. Judgment for the State was reversed and the case remanded (286 S. W. 261), and the State brings error. Affirmed.

M. S. Long, Dist. Atty., and Kirby, King & Overshiner, all of Abilene, for the State.

Milton E. Lawrence and J. M. Ferrell, both of Eastland, for defendants in error.

CRITZ,'J. This suit was originally instituted in the district court of Taylor county, Tex., for and on behalf of the state of Texas, by Hon. N. S. Long, district attorney of the district in which Taylor county is located, against Mrs. Ada Lawrence and her husband, H. E. Lawrence, to escheat 60⅔ acres of land situated in Taylor county, Tex., to the state. On trial of the case in the district court of Taylor county judgment was rendered for the state. The case was appealed by Mrs. Ada Lawrence and husband to the Court of Civil Appeals of Texas for the Eighth District at El Paso, which court reversed the judgment of the district court and remanded the case to the district court of Taylor county for a new trial. 286 S. W. 261. The case is now before this court on writ of error granted on application of the state of Texas.

The petition in this case is in two counts. The first count sets up in substance the following alleged facts:

F. B. Gillette died in November, 1918, seized and possessed of the 60⅔ acres of land in controversy in this suit. On February 20, 1919, temporary letters of administration upon said estate were issued to H. E. Lawrence by the county court of Eastland county. No further proceedings were had in the county court with reference to this estate. In April, 1923, H. E. Lawrence applied to the county

court at law of Eastland county for letters of administration, and on May 18, 1923, said county court at law entered an order appointing him administrator, and he attempted to qualify and sell the land to L. Gann in September, 1923, under application made to, and order of sale made by, said county court at law. Gann conveyed the land to Mrs. Ada Lawrence, wife of H. E. Lawrence. It was alleged that the attempted appointment of H. E. Lawrence as administrator of said estate, and all proceedings thereunder were null and void because, under the Constitution of this state, the county court at law of Eastland county had no jurisdiction in probate matters, and that the act creating said court was unconstitutional and void, in so far as it attempted to confer probate jurisdiction on said court, and that therefore no valid administration had been had or was then pending upon the Gillette estate.

The second count in the petition is in the alternative, in that it alleges that if the administration proceedings of the county court at law were valid, that the appointment of Lawrence as administrator and the sale of the property to Gann and Gann's conveyance to Mrs. Lawrence were fraudulent, for the reason that the land was sold for a grossly inadequate consideration and in reality a sale by the administrator to himself, the title being ultimately vested in the wife for his benefit; that in truth Gann paid nothing for the land; that the administrator filed and caused to be approved false and fraudulent claims in his favor against the estate; that he caused the land to be sold at private sale in order to acquire it for himself, and the land would have brought a much higher price if it had been sold at public sale; that Mrs. Lawrence acquired the land with notice and knowledge of the fraud of the administrator, wherefore she held the land under a constructive trust in favor of the state, etc.

The case was tried before the court without a jury, and the court filed its findings of fact and conclusions of law. The court expressly refused to pass upon the first count in the petition, involving the constitutionality of the act of the Legislature in creating the county court at law for Eastland county and attempting to confer probate jurisdiction on said court, but entered a judgment for the state on the second count.

The Court of Civil Appeals in effect holds that the act creating said court and conferring probate jurisdiction thereon is constitutional and valid, under section 1 of article 5 of our state Constitution. We cannot agree to this holding.

The act attempting to create the county court at law for Eastland county, Tex., is chapter 16, p. 46, of the Acts of the Second Called Session of the Thirty-Sixth Legislature.

An examination of said act will disclose that it attempts to confer on the county court at law of Eastland county the general probate jurisdiction conferred by the Constitution on the county court. Said act attempts to give said county court at law jurisdiction to probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards. It further attempts to give said county court at law jurisdiction to grant letters testamentary and of administration, and, in effect, to do all and every act and exercise all probate jurisdiction of the county court. Further, the wording and effect of said act is to attempt to deprive the county court of the probate jurisdiction expressly conferred and vested by the Constitution in the county court.

In construing and interpreting Constitutions, certain well-known rules obtain, as follows:

[1-3] (a) It is the duty of the court, if possible, to give effect to every part and every word of article 5 of our Constitution, and of every section of said article, and unless there is a clear reason to the contrary, no portion of said article should be treated as superfluous, and, further, it is the duty of the court to avoid a construction of said article 5 which would render any portion or section thereof meaningless or inoperative. Also, in construing the meaning of a particular word, resort may be had to other sections of the same instrument for the sense in which the word is used. R. C. L. vol. 6, p. 48, par. 42.

[4] (b) That the well-recognized rule, expressio unius est exclusio alterius, and the expression of one thing in a Constitution may necessarily involve the exclusion of other things not expressed. Id. p. 49, par. 43.

[5] (c) That exception of any particular case presupposes that all those which are not included in such exception are embraced within the terms of a general grant of prohibition. Id.

Our Supreme Court, speaking through Judge Greenwood, in the case of Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799, has clearly announced the rule of law in this state that "the rule of implied exclusion is no more binding in construing statutes than in interpreting constitutions," and that "it is a rule of construction of Constitutions that ordinarily when the circumstances are specified under which any right is to be acquired there is an implied prohibition against legislative power to either add to or withdraw from the circumstances specified." Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799, and authorities there cited.

[6] Applying the foregoing rules of construction and authorities, let us examine this act in the light of sections 1, 8, 15, 16, 17, and 22 of article 5 of our state Constitution.

An examination of the several sections of article 5 shows that the jurisdiction of the county court is divided and classified under

three general heads, viz., criminal, civil, and probate. There is no escape from this conclusion. Section 16 of article 5 first prescribes that the county court shall have certain original jurisdiction in misdemeanor cases. It then prescribes its exclusive and concurrent civil jurisdiction; it then prescribes its appellate jurisdiction, confining it to certain cases civil and criminal; it then provides for appeal from the county court to the Court of Civil Appeals in civil cases, and to the Court of Criminal Appeals in criminal cases. Said section then provides that:

"The county court shall have the general jurisdiction of a probate court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons."

The next, section 17 of article 5, provides that:

'The county court shall hold a term for *civil* business at least once in every two months, and shall dispose of *probate* business, either in term time or vacation as may be provided by law, and said court shall hold a term for criminal business once in every month as may be provided by law."

Section 8 of article 5, in defining the jurisdiction of the district court, provides, among other things:

"The district court shall have appellate jurisdiction and general control in probate matters, over the county court established in each county," etc.

Therefore, under the express provisions of the several sections of article 5 of the Constitution of Texas, there is no escape from the proposition that the Constitution of this state has by its express terms defined and divided the jurisdiction of the county court under three well-defined and named general classes, viz., civil, criminal, and probate. Timmins v. Bonner, 58 Tex. 554. "In so far as the Constitution gives to any of the courts an exclusive jurisdiction over any subject matter, it is not within the power of the Legislature to give that jurisdiction to another tribunal, in the absence of an express grant of such power to the Legislature by the Constitution." Timmins v. Bonner, 58 Tex. 554.

Section 22 of article 5 of our Constitution reads as follows:

"The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of county courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

Now, the power is given to the Legislature, under section 1 of article 5, to establish such other courts as the Legislature may deem necessary, etc., and conform the jurisdiction of the district and other inferior courts thereto. This is a general provision of the Constitution, and certainly cannot be held to repeal, alter, or to render meaningless the special provision of section 22, above quoted, which limits the power of the Legislature in increasing, diminishing, or changing the jurisdiction of the county court to civil and criminal matters, and limits the power of the Legislature in conforming the jurisdiction of other courts to such changes to civil and criminal matters.

If the act conferring probate jurisdiction on the so-called county court at law of Eastland county can be sustained at all, it must be done under that part of section 1 of article 5 of our state Constitution above referred to, which reads as follows:

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

However, this provision of article 5 must be read and construed so as to give effect and meaning to section 22 of the same article, as no construction should be indulged in that will render any part of article 5 meaningless.

There is no escape from the conclusion that it was the intent and express purpose of section 16 of article 5 of the Constitution to confer exclusive original probate jurisdiction on the county courts. Any other construction of the several provisions of article 5 would render section 22 of said article absolutely meaningless and void. Section 22 of article 5 expressly provides that the Legislature has power to increase, diminish, or change, the civil and criminal jurisdiction of county courts and conform the jurisdiction of the district and other inferior courts to such change. If the Legislature has the power or authority under section 1 of article 5, which is a general provision, to increase, diminish, or change the probate jurisdiction of the county court or conform the jurisdiction of the district or other inferior courts to such change, then section 22 would be a meaningless and idle provision.

We therefore conclude that section 22 of article 5 of the Constitution of this state, in so far as the probate jurisdiction of the county court is concerned, speaks exclusively as to the right of the Legislature to increase, change, or diminish the jurisdiction of such courts as prescribed and defined under section 16 of the same article, and that said section 22 speaks exclusively as to the right or power of the Legislature to conform the jurisdiction of the district or other inferior courts to such change. Section 22 limits the power of the

Legislature in this respect to the civil and criminal jurisdiction of the county courts. It therefore follows that any effort on the part of the Legislature to increase, diminish, or change the probate jurisdiction of the county court of Eastland county, or to confer such probate jurisdiction on any other court, would be void, as contrary to the fundamental law of the land.

What we have said is in no wise in conflict with the law as announced in Harris County v. Stewart, 91 Tex. 133, 41 S. W. 650, or any of the former decisions of this court bearing on the power of the Legislature under section 1 of article 5 of the Constitution. None of these cases involved the probate jurisdiction of the county court, or the construction of section 22 of said article 5.

[7] We are further of the opinion that not only is that part of the act which attempts to create and confer probate jurisdiction on the county court at law of Eastland county void, but that the entire act is unconstitutional and meaningless. It accomplishes nothing, unless it be to attempt to add the words *at law* to the name of the county court, and for that and other reasons stated, the act is unconstitutional, unenforceable, and void. The jurisdiction attempted to be given to the county court at law and the jurisdiction of the county court created by the Constitution are the same, criminal, civil, and probate. The same judge presides over both courts under the terms of this act. Therefore, if this act is valid to create a separate court, then it creates a separate office to be filled by the regular county judge. Under the Constitution, no person can fill two offices, with certain exceptions, and a law attempting to confer this right would be contrary to the Constitution. Further, under the terms of this act, the court so created exercises the same authority in the selection and service of jury commissions and juries as the county court; the terms are the same as the county court, and a vacancy in the office of the county judge at law is filled in the same manner and by the same authority as the county judge; the seal is the same as the seal of the county court, except that the words *at law* are added. In other words, we are unable to discover a single thing that this act accomplished except to attempt to change the name of the county court of Eastland county to the county court at law for Eastland county. We therefore conclude that the entire act, attempting to create the county court at law for Eastland county, Tex., giving it probate jurisdiction, and otherwise defining its juris-

diction, is unconstitutional, unenforceable, meaningless, and void, and accomplishes absolutely nothing.

[8] However, the record in this case shows that all probate orders and decrees involved in this case were made by the probate court of Eastland county, in that they were made by the regularly constituted and acting county judge of said county; and the duly qualified and acting county clerk of said county acted as clerk in all such matters. In other words, every application made to and every act done by this court was to and by the duly qualified and acting county judge of said county, and all acts actually performed were by the proper officers of said county and of said court. The only thing, in so far as the proper court acting is concerned, that could, in any manner, seem to invalidate anything done in the probate proceedings in Eastland county, was that the county judge and county clerk, acting under a misapprehension of law, used the superfluous words *at law* in so acting.

Now, let us suppose that the act in question had never been passed by the Legislature. Would the courts of this state strike down all civil, criminal, and probate proceedings of the county court of Eastland county, through all these years, involving the vast vested property rights involved, and the property and personal rights of widows, orphans, and minors, arising out of the various proceedings of said court, because, perhaps, the county judge and county clerk used the superfluous words *at law* in discharging the official duties of their respective offices? We think that no court would apply so technical a rule with such baneful and far-reaching results. We therefore conclude that, as shown by the record in this case, all probate orders were in fact made by the county court of Eastland county, Tex., with the regular county judge presiding and acting as judge of said court. We further conclude that the use of the words *at law* by said court and the county clerk of said county should be treated as mere surplusage that in no wise invalidates the proceedings of the county court of Eastland county.

We are of the opinion that the Court of Civil Appeals has correctly disposed of all other issues in this case.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.