# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN 11, TEXAS


May 5, 1953

Hon. David Moore
Criminal District Attorney
124th Judicial District
Longview, Texas          Opinion No. S-37

Re: Constitutionality of House
Bill 93, Acts 51st Legis-
lature, Regular Session,
1949, chapter 368, page
702 and House Bill 196,
Acts 52nd Legislature, Re-
gular Session, 1951, chapter
156, page 270, relative to
the establishment of juvenile
Dear Sir:          courts.

You have asked us the following questions:

"1. Is the 1951 act void in its
entirety, void as to portion, or valid?

"2. Is the 1949 act void in its
entirety, void as to portion, or valid?

"3. May the County Court of Gregg
County sit as a Juvenile Court?

"4. Does the 124th District Court have
jurisdiction as such (as distinguished from
a Juvenile Court) to try dependent and
neglected child, adoption, support, and
custody cases when such Court has not yet
been designated as a Juvenile Court and
where the County Court is acting as Juvenile
Court by designation of the Judges?"

You have informed us that Gregg County has
two district courts and a juvenile board.

It was held in Rochelle v. State, 89 Tex.
Crim. 592, 232 S.W. 838 (1921) that a criminal district
court is a district court within the meaning of the
Constitution.

In light of the above decision we do not believe that the variance between the caption and body of House Bill 196, Acts 52nd Legislature, R.S., 1951, chapter 156, page 270, that is, the caption refers to district courts while the body refers to criminal district courts, as well as district courts, contravenes Section 35, Article III of the Constitution of Texas. In our opinion the entire act is valid.

It is not necessary to pass on the constitutionality of House Bill 93, Acts 51st Legislature, R.S., 1949, chapter 368, page 702, since it has been repealed.

House Bill 196, Acts 52nd Legislature, R.S., 1951, chapter 156, page 270, states in part:

". . . In counties having two (2) or more district courts or one (1) or more district courts and one (1) or more criminal district courts, and having a juvenile board, such board shall designate one (1) of such district courts or criminal district courts to be the juvenile court of such county. . ."

Therefore, the county court of Gregg County cannot sit as the juvenile court.

In connection with the jurisdiction of the district court of Gregg County, House Bill 196, Acts 52nd Legislature, R.S., 1951, chapter 156, page 271, states in part:

"In all counties having two (2) or more district courts . . . in addition to cases of juvenile delinquency, all new cases of dependency, neglect, support, child custody, and adoption, shall henceforth be filed in the juvenile court of such counties; provided, however, that nothing herein contained shall prevent the transfer of such cases to other courts having jurisdiction thereof under existing laws."

The above mentioned type of case must be filed in the Juvenile Court of Gregg County. However, they may be transferred to the other district court as provided above.

## SUMMARY

The variance between the caption and body of House Bill 196, Acts 52nd Legislature, 1951, one referring to district courts and the other referring to criminal district courts, is not material. The County Court of Gregg County cannot sit as the juvenile court. Certain types of cases must be filed originally in the Juvenile Court of Gregg County.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

By Sam C. Ratliff
Sam C. Ratliff
Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

SCR:am