

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

March 5, 1965

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. C-396

Re: Whether there is any pro-
vision under the Escheat
Law of Texas whereby an
estate of $1,100.00 or a
portion thereof which has
been in administration for
approximately 20 years,
can escheat to the State
of Texas when there are
approximately 150 known
heirs and an unascertain-
able number of unknown
heirs, and the expense of
ascertaining the unknown
heirs would far exceed the
amount of money in the
estate.

Dear Mr. Resweber:

In your recent letter you have requested the opinion of
this office on the following question:

"Is there any provision under the Escheat
Law of Texas whereby an estate of $1,100.00, or
a portion thereof which has been in administration
for approximately 20 years, can escheat to the
State of Texas when there are approximately 150
known heirs and unascertainable number of unknown
heirs, and the expense of ascertaining the unknown
heirs would far exceed the amount of money in the
estate?"

Recourse to the authorities on the common law reveal that
the term "escheat" has its origins in the French language and,
at common law, it designated the process whereby real property,
held by tenure, reverted to the lord of the fee upon the death
of the grantee without heirs. Personal property was governed
by the doctrine of "bona vacantia" which authorized the taking
by the crown of property that was ownerless or abandoned.
These prerogatives of the crown at common law, as developed
and applied in the United States, are generally combined under
the single term - "escheat." Origins and Development of Escheat,

61 Colum. L. Rev. 1319 (1961); Modern Rationales of Escheat, 112 U. Pa. L. Rev. 95 (1963); Bona Vacantia Resurrected, 34 Ill. L. Rev. 171 (1939).

Until 1961 our principle statutory provision relating to the escheat of the estates of decedents was Article 3272 of Vernon's Civil Statutes, which provides as follows:

"If any person die seized of any real estate or possessed of any personal estate, without any devise thereof, and having no heirs, or where the owner of any real or personal estate shall be absent for the term of seven years, and is not known to exist, leaving no heirs, or devisee of his estate, such estate shall escheat to and vest in the State. Where no will is recorded or probated in the county where such property is situated within seven years after the death of the owner it shall be prima facie evidence that there was no will, and where no lawful claim is asserted to, or lawful acts of ownership exercised in, such property for the period of seven years, and this has been proved to the satisfaction of the court, it shall be prima facie evidence of the death of the owner without heirs. Any one paying taxes to the State on such property, either personally or through an agent, shall be held to be exercising lawful acts of ownership in such property within the meaning of this title, and shall not be concluded by any judgment, unless he be made a party by personal service of citation, to such escheat proceedings, if a resident of this State, and his address can be secured by reasonable diligence, but, if he be a non-resident of the State or can not be found, the personal service of citation shall be made upon any agent of such claimant, if such agent, by the use of reasonable diligence, can be found; such diligence to include an investigation of the records of the office and inquiry of the tax collector and tax assessor of the county in which the property sought to be escheated is situated."

You state in your brief that the person whose estate is under administration died intestate in 1943 and it appears that there were in excess of 150 known heirs and an unascertainable number of unknown heirs. According to Article 3314 of Vernon's Civil Statutes, which was in effect at that time and is identical to Section 37 of the Texas Probate Code:

". . . whenever a person dies intestate, all of
his estate shall vest immediately in his heirs at
law, but with the exception aforesaid shall still
be liable and subject in their hands to the payment
of the debts of the intestate; but upon the issuance
of letters testamentary or of administration upon
such estate, the executor or administrator shall
have the right to possession of the estate as it
existed at the death of the testator or intestate,
with the exception aforesaid; and he shall recover
possession of and hold such estate in trust to be
disposed of in accordance with law."

Consequently, upon the instant of the death of the inte-
state, title to his property vested in his heirs at law. Loller
v. Frost, 38 Tex. 208 (1873); Carroll v. Fidelity & Deposit Co.,
107 S.W.2d 771 (Tex.Civ.App. 1937, error ref.). Since there
were heirs of the decedent who took title to his property at
his death, even though some may be unknown, there was no escheat
of his estate under the provisions of Article 3272.

In view of the fact this administration has been pending
for so many years and the administrator merely possesses the
property in question as trustee for the heirs who are vested
with title, we must consider whether title to any of the property
possessed by the administrator has possibly escheated to the
State from any of the heirs of the decedent.

If facts exist which would raise the presumption under
Article 3272 that any of the heirs of the decedent have them-
selves died intestate and without heirs, then in our opinion
that portion of the decedent's property which vested in such
heirs would be subject to escheat under such Article.

In addition, we further point out that in 1961 further
legislation pertaining to escheat of personal property was
enacted in the form of Article 3272a of Vernon's Civil Statutes.
Basically, this Article provides for the reporting to the
State of personal property subject to escheat and further
provides for the presumption of abandonment and escheat of
the personal property reported.

Section 1(c) of Article 3272a defines the term "subject
to escheat" as follows:

"The term 'subject to escheat' shall include
personal property presumed to be subject to escheat
by the prima facie conclusions contained in Article
3272, including all personal property (1) of which

the existence and whereabouts of the owner are unknown and have been unknown to the holder for more than seven (7) years and (2) on which, from the knowledge and records of the holder it appears that no claim or act of ownership has been asserted or exercised during the past seven (7) years and (3) on which no will of the last known owner has been recorded or probated in the county where the property is situated within the past seven (7) years."

The reports under Article 3272a are to be filed by the persons who hold such personal property. Section 1(a) of Article 3272a defines "person" and specifically included therein is the term estate. In our opinion, any personal property held by the administrator in question which comes within the definition of "subject to escheat" in Section 1(c) of Article 3272a would be subject to being reported and escheated pursuant to the procedures provided under Article 3272a or under the alternate procedures provided for in Article 3273 of Vernon's Civil Statutes.

Therefore, we answer your question by stating that any property held by the administrator of the estate in question which is held under the conditions specified in Articles 3272 or 3272a of Vernon's Civil Statutes is subject to escheat thereunder.

In so answering your question we are not unmindful of the holdings in Hall v. Claiborne, 27 Tex. 217 (1863); Wiederanders v. State, 64 Tex. 133 (1885); State v. Black's Estate, 51 S.W. 555 (Tex.Civ.App. 1899); and Gillettes Estate v. State, 286 S.W. 261 (Tex.Civ.App. 1926, affirmed 5 S.W.2d 131 (Tex.Comm. App. 1928) to the effect that an escheat proceeding in district court cannot be maintained while administration is pending upon an estate. These holdings were based upon the fact that the statutes relating to escheat proceeding, at the time these actions were brought, required that it be alleged and proven that no letters of administration of the estate of the intestate who had died without heirs had been granted.

This statutory requirement no longer exists, it having been omitted from Article 3273 by the Legislature in the Revised Statutes of 1925. Therefore, we no longer consider these cases as authoritative upon this question.

## SUMMARY

Any property which is held by the administrator of an estate under the circumstances specified in Articles 3272 or 3272a of Vernon's Civil Statutes is subject to escheat.

Very truly yours,

WAGGONER CARR
Attorney General

By W. O. Shultz
Assistant

WOS:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
George Black
Harold Kennedy
Jim Briscoe

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone