

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 31, 1973

The Honorable Mark W. White, Jr.　　　　Opinion No. H-190
Secretary of State
Austin, Texas 78711　　　　　　　　　　Re: Constitutionality of House Bill
　　　　　　　　　　　　　　　　　　　　　　1, 63rd. Legislature, amending
　　　　　　　　　　　　　　　　　　　　　　Article 6252-9, V. T. C. S.

Dear Secretary White:

　　　House Bill 1 of the 63rd Legislature (Acts 1973, 63rd. Leg., ch. 421,
p. 1086) becomes effective on January 1, 1974. You have asked us five questions
concerning its provisions.

　　　Your first question is:

　　　　　　"House Bill No. 1 requires certain financial
　　　activities reports to be made and provides certain
　　　filing deadlines for reports. Since there are criminal
　　　penalties attached to the filing of the financial activities
　　　report, can this office require an individual to file a
　　　financial activities report for the calendar year pre-
　　　ceding the effective date of the Act?"

Those who are required to file a financial statement are set out in § 3 of the Act.
The contents of the statement are the subject of § 4(c). Section 10 provides that a
person required to file a financial statement who "knowingly and wilfully fails
to file" commits a Class B misdemeanor.

　　　Most of those who are required to file financial statements were in office
prior to the enactment of the Act in May, 1973, or January 1, 1974, its effective
date. The facts to be reported include facts pre-existing those same dates. Our
State Constitution, in Article 1, §16, prohibits the enactment of any retroactive
law. A retroactive law is one that acts in the past upon facts existing then. Even so,
only those retroactive laws that destroy or impair vested rights are unconstitutional.

p. 893

See Deacon v. City of Euless, 405 S. W. 2d 59 (Tex. 1966). This Act would be retroactive and unconstitutional if it made it a crime for a public official to have been possessed of certain described properties at a time prior to its enactment, as, for instance, on April 1, 1973. This it does not do. It presently requires the filing of a statement of financial activities for a period of one year. No penalty is attached to any act or omission to act prior to the effective date. The only penalty attached to filing is that of § 10 making it a misdemeanor to presently fail to file a statement required by the Act. This is not retroactive and is not unconstitutional.

In Attorney General Opinion H-15 (1973) we discussed the constitutionality of the original version of House Bill 1. While its provisions were then substantially different from those of the enacted Act, the question of requiring financial statements was the same. We there said:

> "It is our opinion that the public does have a
> legitimate interest in the current financial condition
> and recent financial history of those of its servants who
> are in positions of authority where the temptation to
> improperly exercise public discretion for private gain
> may coincide with the opportunity to do so, and that
> public inquiries may be searching in their scope so
> long as they are reasonably related to a purpose such as
> this bill implements. See Stein v. Howlett, 289 N. E.
> 2d 409 (Ill. , 1972); Cf. New York Times Co. V. Sullivan,
> 376 U. S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710 (1964). "

In our opinion that statement still is a valid statement of law. The State, in the interest of promoting ethical behavior on the part of its officials, may require an individual to file a report of his financial activities even though some of those activities occurred prior to the effective date of the Act, and may make the failure to file a misdemeanor.

Your second question asks:

> "2. Please advise whether coverage extends to
> a judge of a criminal district court as distinguished from
> a district court. In addition, please advise all of the
> other special courts of district court jurisdiction which
> may be covered under Sec. 2(2)(C). "

Your question is answered, we believe, by the decision in Rochelle v. State, 232 S. W. 838 (Tex. Crim.1921) involving the legislatively created Criminal District Court of Bowie County and the validity of that portion of the creating statute authorizing a six-man jury in misdemeanor cases. A preliminary step was the determination of the character of the court.

> "Manifestly, under the power given the Legislature by article 5, § 1 [of the Constitution], as amended in 1891, it would have the power to create a criminal district court, the language used being 'the Legislature may establish such other courts as it may deem necessary.' It must be observed that, from its inception, the criminal district court, . . . has exercised jurisdiction which is vested by the Constitution in the district courts;. . . The criminal district court has, in all cases, contained elements essential to the district court created by the Constitution, and had officers in common with the district court created by the Constitution. Recalling that by express provisions of the Constitution, the jurisdiction in felony cases is conferred upon the district court, and having in mind the legislative acts and constitutional provisions to which we have adverted, we are unable to classify the court in question as other than a district court, with jurisdiction limited to criminal cases." (232 S. W. at 839, emphasis added)

The statute, in defining those who are "elected officers" in § 2(2) includes, by subsection (C), "a judge of a court of civil appeals, a district court, a court of domestic relations, or a juvenile court created by special law."

In our opinion "district court" as so used was intended to include all district courts among which are those courts denominated "criminal district courts". We must so construe the intent of the Legislature, for any other construction would raise serious constitutional questions under the Equal Protection clause of the Fourteenth Amendment. Bjorgo v. Bjorgo, 402 S. W. 2d 143 (Tex. 1966); Buchanan v. State, 480 S. W. 2d 207 (Tex. Crim. 1972); Reed v. Reed 404 U. S. 71 (1971). And see Attorney General Opinion H-15 (1973).

The courts whose judges are included by § 2(2)(C) in the definition of "Elected officers", therefore, are the courts of civil appeals, district courts, criminal district courts exercising the jurisdiction of district courts, courts of domestic relations, juvenile courts created by special laws, and any other legislatively created courts, if there are any, which exercise district court jurisdiction.

Your third question asks:

> "3. Who are the individuals covered under Sec. 2(3)(D) of House Bill No. 1?"

Section 2(3)(D) of House Bill 1, in defining "appointed officer" includes, by subsection (D):

> "a person who is not otherwise within the definition of elected officer, appointed officer, or executive head of a state agency, but who holds a position as a member of the governing board or commissioner of a state agency acquired through a method other than appointment."

"Elective officer" is defined in § 2(2); "appointed officer" by § 2(3); and "executive head' of a state agency" by § 2(6). The definitions are broad and inclusive. We are not able to identify any office within the definition of § 2(3)(D).

We are unaware of any offices falling within this category.

Your fourth question asks:

> "4. Who are the salaried appointed officers in Sec. 2(4) of House Bill No. 1 who are required to file a financial activities report pursuant to Sec. 3 of House Bill No. 1?"

Section 2(4) defines "salaried appointed officer" as "an appointed officer
. . . who receives or is authorized to receive for his services to the state a
salary as opposed to a per diem or other form of compensation. "

Section 3 of the Act requires every salaried appointed officer to file the
financial statement complying with § 4. Again, we are not in a position to list
all those who come within the category of "salaried appointed officer." One
example, of course, is the Secretary of State who is both an "appointed officer"
and salaried. Others are the Adjutant General, the State Commissioner of
Education, the citizen members of the Veterans Land Board, the Commissioner
of the Department of Labor and Standards, the Firemen's Pension Commissioner,
and members of the Board of Control, The Texas Employment Commission,
The State Highway Commission, The Industrial Accident Board, The State Board
of Insurance, The Board of Pardons and Paroles and The Texas Water Rights
Commission. The statutes with reference to each other appointed office will
have to be examined to determine whether the holder is entitled to a salary as
opposed to per diem or other compensation.

Your fifth question asks:

"5. Would an executive secretary or a secretary-
treasurer of a state board come within the definition of
executive head of a state agency as defined in Sec. 2(6)
of House Bill No. 1?"

Section 2(6) defines "executive head" of a state agency to mean:

"the director, executive director, commissioner,
administrator, chief clerk, or other individual not
within the definition of appointed officer who is
appointed by the governing body or highest officer
of the state agency to act as the chief executive or
administrative officer of the agency. . . ." (emphasis
added)

Inclusion or not within the definition will turn on whether, as a matter of fact, the person, regardless of his title, falls within the quoted definition, , i. e., he is not otherwise an appointed officer, and is appointed to serve as the chief executive or administrative officer of the agency. Such a person could well be called "executive secretary" or "secretary-treasurer"; but not necessarily. Conversely, not every executive secretary or secretary-treasurer is an executive head.

## SUMMARY

House Bill 1, Article 6252-9, V. T. C. S. as amended in 1973, in requiring financial activities reports covering activities prior to the effective date of the Act is constitutional.

Judges of criminal district courts and of all other courts exercising district court jurisdiction are covered by the definition of "elected officer". The statutes creating each officer will have to be examined to determine who are covered by the definitions of § § 2(3)(d) and 2(4).

An executive secretary or secretary-treasurer of an agency may qualify as "executive head" of that body if the occupant of the officer is not otherwise an appointed officer and if he or she is appointed to act as the chief administrative or executive officer of the agency.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee