ANNA DAVIS TERRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45446. Promulgated October 31, 1932.

*Lawrence H. Cake, Esq.,* for the petitioner.
*Dean P. Kimball, Esq.,* and *Edward C. Adams, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The respondent determined a deficiency of $3,194.56 in petitioner's income tax for 1926. She and her husband were residents of Texas, a community property state, and filed separate returns, each including in gross income one-half of the community income. This they had the right to do, *Hopkins* v. *Bacon*, 282 U. S. 122.

The petitioner was the beneficiary of a trust created by the will of her cousin, John Sealy, the instrument providing in paragraph eleventh, subdivision (d), that "the trustees shall pay over or deliver at such periods as they may deem best, not longer than annually, one-sixth (1/6) of the net interest, income and revenue arising from the property bequeathed to them in trust by this clause eleventh of this will to my cousin, Anna D. Terry, during her lifetime." It is stipulated by the parties that during 1926 the petitioner received from the trustee "$32,434 on account of dividends of United States corporations and $8,186.05 on account of interest." In their separate

individual income-tax returns, the petitioner and her husband each included one-half of these amounts in his half of the community income. The respondent, citing G. C. M. 5741, C. B. VIII–1, p. 160, held that "these amounts are * * * income from your separate estate," and that the entire amount should be included in petitioner's separate gross income.

By the Texas Constitution, Article XVI, section 15, all property acquired by a wife after marriage by gift, devise or descent is her separate property. All other property acquired after marriage is community property. See *Lee* v. *Lee*, 112 Tex. 392, 247 S. W. 832; *Arnold* v. *Leonard*, 114 Tex. 535; 273 S. W. 799. The community is the more important of the two estates, and doubts are resolved in its favor, Spear's Law of Marital Rights in Texas, p. 389. In *Irvin* v. *Gavit*, 268 U. S. 161, the Supreme Court held that the income paid by a trustee under a will to one who was given no other interest in the corpus was income to the recipient and was not a bequest exempt from income tax by the revenue act. See *George D. Widener*, 8 B. T. A. 651; affd., 33 Fed. (2d) 833. The respondent accepts the authority of that decision, but contends that, although not a bequest within the exemption of the revenue act, the petitioner's receipts from the trustee are such a bequest as the Texas law calls her separate property. While for local purposes Texas may treat as a bequest an acquisition which the Government may tax as income, the rule of *Irvin* v. *Gavit*, *supra*, must be applied for Federal income-tax purposes to similar acquisitions throughout the United States. The reasoning of that case, which led to the conclusion that such income was not an exempt bequest, must lead also to the conclusion that it is not a bequest under the Texas constitution; and until the Texas courts construe the term incompatibly with such a concept, there is no need to construe an exception into the rule of *Irvin* v. *Gavit*, *supra*. *Arnold* v. *Leonard*, *supra*, the leading case on Texas community property law, suggests no such exception and no inconsistency.

The respondent cites *McClelland* v. *McClelland*, 37 S. W. 350, but we find that decision not controlling in the light of its facts and of *Arnold* v. *Leonard*, *supra*, which came later. It held that the divorced wife of the beneficiary of a spendthrift trust could not reach the accumulated income in the hands of the trustee before the beneficiary's definite right in such income had accrued. Apparently while in the hands of the trustees such undistributed income was neither separate income of the spouse nor community income. The court went further and said that the periodic payments to the beneficiary were his separate property principally because this was necessary to preserve the spendthrift character of the trust. There is nothing in the trust before us here to suggest such a character, and

no reason to believe that the provision made for the petitioner was other than a means of distributing income to her and the marital community of which she was a member. Unless the *McClelland* case is confined to a spendthrift trust, it would seem to conflict with *Arnold* v. *Leonard, supra;* and in that event the more recent case must be regarded as the more compelling authority. But it is still more important that, however *McClelland* v. *McClelland, supra,* may be interpreted within the realm of Texas marital law, it must yield to *Irvin* v. *Gavit, supra,* when Federal taxes are at issue. What the Supreme Court has called income may not in Texas escape tax through a local decision that it is a bequest. *Eisner* v. *Macomber,* 252 U. S. 189; *Weiss* v. *Wiener,* 279 U. S. 333.

In our opinion, therefore, the petitioner correctly regarded the distributions by the trustee as income of the community, and she is therefore entitled to have but one-half included in the gross income shown on her separate return. The respondent's determination is reversed.

Reviewed by the Board.

· *Judgment will be entered under Rule 50.*

LANSDON dissents.