EVA LAVINO GRIFFITHS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63354.   Promulgated May 31, 1934.

*Wm. H. Flippen, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, and *R. B. Cannon, Esq.*, for the respondent.

OPINION.

ADAMS: The respondent has asserted a deficiency in income taxes for the year 1929 in the amount of $2,957.64. It is alleged that the Commissioner erred (1) in treating income from a trust as the separate property of petitioner; (2) in failing to allow petitioner credit for tax paid at the source in the sum of $90.77.

The respondent admits that the petitioner is entitled to a credit of $45.38 for tax paid at the source, to be allowed as a credit in the final computation.

The facts are stipulated and are substantially as follows: The petitioner and her husband, T. W. Griffiths, were married on April 24, 1909, and have continuously lived together in Dallas, Dallas County, Texas, as residents of that city, county, and state. Petitioner and her husband each filed income tax returns for the calendar year 1929. The petitioner's return filed for that year included gross income of $11,643.36. Included in the total gross income for the taxable year 1929, imputed to the petitioner in the notice of deficiency dated January 27, 1932, from which this appeal was taken, was the sum of $105,000 which represented the amounts paid to petitioner in the taxable year 1929 under certain indentures, certified copies of which, marked Exhibits A and B, are attached to the stipulation and included herein by reference. It appears from

these indentures that on June 20, 1924, Edward J. Lavino created a trust, to which certain shares of stock were assigned and transferred, and provision was made for the transfer of "such other additional securities as the settlor may from time to time assign and transfer to the trustees." Under this provision additional securities were assigned and transferred to the trust by an indenture made March 1, 1926.

The indenture provides in part as follows:

A. To divide the principal of the said trust estate into four as nearly equal shares as possible and to allot one of said shares to each of the daughters of the Settlor, to wit: Elfrida Jane Elliott, Marian Agnes Hager, Julia Mathilda Dubois and Eva Dermine Griffiths;

B. To collect the dividends, interest and other income arising from the trust estate and to pay all charges incident to the management thereof;

C. To pay the net income from one of such shares to each of the said daughters of the Settlor during the term of her life, said payments to be made at such times, in such manner and in such amounts as the Trustees hereunder shall deem most prudent;

D. Upon the death of said daughters of the Settlor to grant and transfer the share of the principal allotted to her descendants then living, distribution being made among them per stirpes upon the principal of representation; or in the event of such daughter dying without leaving a descendant to survive her then to apply the said share of the trust estate to increasing the other shares into which the said trust estate shall have been divided.

E. In the event of the death of all of the said daughters of the Settlor without leaving any descendants to survive them, then upon the death of the last surviving daughter to grant and transfer the said trust estate to such persons as may then be entitled to receive the estate of the Settlor under the Intestate Laws of the State of New Jersey as they shall then exist.

Any income payable to any beneficiary hereunder shall be paid to her free from liability for her debts, contracts or engagements and neither the said income nor the principal of the trust estate shall be subject to alienation or to execution, attachment, sequestration or other process.

Of the total gross income reported by petitioner in the return filed by her for the taxable year 1929, $105,000 represented income received by her as beneficiary under the trust created by her father, Edward J. Lavino. No change in this item was made by the Commissioner in determining the deficiency from which this appeal was taken.

The respondent ruled that since there were separate returns filed by the husband and wife all community income must be divided equally between husband and wife, and in accordance with this ruling certain minor adjustments were made which increased petitioner's net taxable income by the sum of $12,241.28 by adding thereto one half of the husband's net income as adjusted. It is conceded by the petitioner that this adjustment is correct.

The petitioner contends that the sum of $105,000 received from the trust of Edward J. Lavino and included in petitioner's taxable

income is community income and, under the laws of the State of Texas, should be taxed as such for the reason that petitioner and her husband originally filed separate income tax returns for the calendar year 1929, and urges that it should be determined to be community property and allocated one half each to herself and her husband, and her tax liability computed in accordance therewith.

The sole question before us is whether the sum of $105,000 received by petitioner as beneficiary of the Edward J. Lavino trust is the community property of herself and husband under the laws of the State of Texas, or the separate property of the petitioner.

Under the Constitution and laws of the State of Texas the separate property of the wife comprises all property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterwards by gift, devise, or descent, including the increase of all lands thus acquired. All other property acquired by her during marriage, including the income derived from her separate property, is community property. See Texas Constitution, Art. XVI, sec. 15; Vernon's Annotated Texas Statutes, art. 4614, as amended, 1929, and art. 4619; *Arnold* v. *Leonard*, 114 Tex. 535; 273 S.W. 799; *Gohlman, Lester & Co.* v. *Whittle*, 114 Tex. 548; 273 S.W. 808.

Clearly, under the terms of the trust instrument petitioner was given a life interest in a one-fourth share of the trust estate, the trustee being empowered to collect and pay over to her the net income from such share. The gift to her was not of income, but a definite and determined portion of the corpus for life.

This is not a case of an annuity chargeable against the whole estate, *Burnet* v. *Whitehouse*, 283 U.S. 148, or payable out of both the corpus of a fund and the income from it, *Warner* v. *Commissioner*, 66 Fed. (2d) 403, where it is held to be property acquired by bequest. Here the amount received by petitioner from the trust was payable out of the income from her share of the trust fund alone, and is not, therefore, property acquired by gift, but income from a life interest in the fund so acquired. Cf. *Irwin* v. *Gavit*, 268 U.S. 161.

In *Irwin* v. *Gavit, supra*, there was an annuity payable out of the trust fund alone. The Court said: "Apart from technicalities we can perceive no distinction relevant to the question before us between a gift of the fund for life and a gift of the income from it." It was there held that the annuity was not a bequest, but taxable income to the beneficiary.

In *Anna Davis Terry*, 26 B.T.A. 1418; affd., *Commissioner* v. *Terry*, 69 Fed. (2d) 969, we held that income received by a wife, in Texas, as beneficiary of a trust created by will, is community income, and taxable one half each to the wife and the husband. We see no material difference in the character of the income between the case before us, where the trust was created during the

lifetime of the donor, and where it is created by will. In view of the Texas laws and the authorities cited, we hold that the sum received by petitioner from the Edward J. Lavino trust during the taxable year before us was community income of herself and husband, and taxable one half to each of them. *Hopkins* v. *Bacon*, 282 U.S. 122.

*Decision will be entered under Rule 50.*