

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS

~~ATTORNEY GENERAL~~

Honorable James E. Kilday
Director, Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:                                    Opinion No. O-445
                                             Re: The validity of the anti-pass
                                             provisions of Senate Bill 427, 46th
                                             Legislature, and the applicability
                                             of the anti-pass statutes to employees
                                             of the Railroad Commission of Texas.

We have your letter of August 28, 1939, in which you ask our opinion
with reference to the anti-pass provisions of the departmental appropriation
bill, being Senate Bill No. 427, passed by the 46th Legislature, and also
with reference to the applicability of the anti-pass statues in general to
employees of the Railroad Commission of Texas.

Your eighth and ninth questions relate to the constitutionality of
the provisions of the departmental appropriation bill prohibiting any state
employee from receiving any passes or other franking privileges from any
transportation company. You ask in substance whether this provision of the
appropriation bill is valid in view of the caption of the bill and in view
of the constitutional provision that no bill shall contain more than one
subject, which shall be expressed in its title. These questions will be
answered first, because we believe that the answers to these questions will
make it unnecessary to answer other questions which you have asked in your
letter.

The anti-pass provisions of Senate Bill 427 are found in Section 2(f)
(5), which reads as follows:

"Except as otherwise authorized by statute, no State employee shall
receive or use any passes or other franking privileges from any transporta-
tion agency, and any employee offending shall be immediately discharged.
The fact that any transportation agency knowingly extends passes or other
franking privileges to any State employee shall constitute sufficient grounds
upon which the right of said transportation company to do business in this
State can be forfeited, and the Attorney General is hereby directed to in-
stitute proper proceedings to cancel said right of any transportation agency
so offending."

The caption to Senate Bill No. 427 reads as follows:

"An Act making appropriations for the support and maintenance of the executive and administrative departments and agencies of the State Government for the two year period beginning September 1, 1939, and ending August 31, 1941, and for other purposes; and declaring it unlawful for persons emplooyed in the several departments to engage in political campaigns relating to election or reelection of any candidate or candidates for the head of such department and any public office and prescribing procedure for removal of such employees; and making it unlawful to use any State-owned automobile in connection with any campaign relating to any measures in which the particular department by which the employee is directly interested and/or in behalf of the election or reelection of any person as the head of such departments; and prescribing procedure and penalties for violation of this Act; and prescribing certain other regulations and restrictions in respect to the appropriations made herein, and declaring an emergency."

It is plain from a reading of the caption that it makes no reference to the fact that the bill contains any prohibition against the receipt or use of any passes or franking privileges by any state employee. No notice is given in the caption that the bill covers any such subject. We believe therefore that this portion of the bill is clearly in violation of the provisions of Article 3, Section 35 of the Constitution of Texas which reads as follows:

"Sec. 35. No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Since the title or caption of the bill fails to give reasonable notice that it contains provisions relating to the subject of the prohibition of free passes to state employees, the bill is void in so far as it relates to the subject not expressed in the title. De Silvia v. State, 88 Tex. Cr. R. 634, 229 S. W. 542; Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799.

The anti-pass provisions of the appropriation bill do not constitute a regulation of the manner in which the sums appropriated therein shall be expended. If construed as an implied amendment of the general statutes prohibiting the issuance of free passes by transportation agencies, said provisions would be invalid since a general law may not be amended by provisions of a general appropriation bill. See State v. Steele, 57 Tex. 200; Linden v. Findley, 92 Tex. 451.

You are therefore advised that it is our opinion that the anti-pass provisions of Senate Bill No. 427 are unconstitutional and of no force and effect.

Since your questions numbers three and five relate to a construction of the anti-pass provisions of Senate Bill No. 427, on the assumption of their validity, and since these provisions are in our opinion invalid, it will not be necessary for us to answer these questions.

The remaining questions in your letter relate to the construction of the anti-pass statutes in general, and call for a construction of the civil

and penal statutes, aside from the provisions of Senate Bill 427. In your
first question you ask in substance whether the anti-pass statutes denounce
the giving of passes by bus lines, whether operated by indivduals, partner-
ships, or corporations.

The civil statutes relating to the giving of free passes are articles
4005 through 4015, inclusive, of the Revised Civil Statutes. The penal statutes
covering this subject are Articles 1651 through 1658. of the Penal Code.

Article 4005 of the Revised Civil Statutes provides in part as follows:

"No steam or electric railway company, street railway company, interur-
ban railway company or other chartered transportation company, express company,
sleeping car company, telegraph company, telephone company, or person or $assoc-
iation of persons operating the same, nor any receiver or lessee thereof, nor
any officer, agent, or employee or receiver of any such company in this State
shall knowingly haul or carry any property free of charge, or give or grant to
any person, firm or corporation of persons a free pass, frank, privilege or
substitute for pay or a subterfuge which is used or which is given to be used
instead of the regular fare or rate of transportation or any authority or per-
mit whatsoever to travel or to pass or convey or transport any person or prop-
erty free, nor sell any transportation for anything except money, or for any
greater or less rate than is charged all persons under the same conditions,
over any railway or transportation lines or part of lines in this State; "

Your question number one may be subdivided into two questions: First,
whether Article 4005 applies to a motor bus line; and second, whether said
Article applies to individuals and partnerships as well as to corporations.

Article 4005 expressly prohibits the giving of any free pass to be used
instead of the regular fare or rate of transportation "over any railway or
transportation lines or part of line in this State." It is our opinion that
this provision clearly means that free passes shall not be granted by any
transportation agency, including motor bus lines as well as railways.

Article 4005 provides in part that "no steam or electric railway com-
pany, street railway company, interurban railway company or other chartered
transportation company . . . or person or association of persons operating
the same" shall give free passes. In our opinion this language was intended
to cover all transportation agencies operating under certificates or permits
of authority of any kind from the State of Texas, whether such transportation
agencies are owned and operated by individuals, associations, partnerships, or
corporations. The word "company" does not necessarily mean "corporation."
In the case of Mills v. State, 23 Tex. 295, the Supreme Court said:

"The word company, is one of various and very comprehensive signification,
and, standing alone, conveys no very definite idea. It applies to persons act-
ing together for the prosecution of small or great enterprises."

In 15 C.J. S. 647 it is said with reference to the word "company" that, "while frequently and properly used to denote a corporation, or an incorporated association, it does not necessarily involve that idea either in common speech or at law;".

The use of the word "chartered" does not require a construction that the statute applies only to corporations. The word "charter" is properly used to describe any certificates of authority issued by a governing body. See 14 C. J. S. 560. It is therefore our opinion that Article 4005 of the Revised Civil Statutes should be interpreted to apply to any transportation agency operating under permit or certificate of authority from the State of Texas or any governmental department or commission, and that it should not be limited merely to corporations.

In your question number two, you ask whether it is necessary as a condition for one of the employees of the Railroad Commission to ride on a free pass on a bus that he be protected by a specific statutory authorization or whether he may ride on a bus pass if the existing anti-pass statutes are silent as to him.

Article 4005, supra quoted above, contains a general prohibition against the granting of free passes. Article 1651 of the Penal Code prohibits in general the issuance of any free pass by any officer or agent of a transportation agency. Article 1655 of the Penal Code provides as follows:

"Any person, other than the persons excepted by law, who uses such free ticket, free pass, or free transportation, frank or privilege over any railway or other transportation line or sleeping or express car, telegraph or telephone line mentioned in the preceding articles of this chapter, for any distance under the control and operation of either of said companies or under their authority, or shall knowingly or wilfully by any means or device whatsoever obtain, use, or enjoy from any such company a less fare or rate than is charged, demanded, collected or received by any such company from any other person, firm, association of persons or corporations for doing for him, them or it, a like service, if the transportation or service is of a like kind of traffic or service under substantially similar circumstances and conditions, such person or such officer or agent who acts for such corporation or company thus favored, shall be fined not less than one hundred nor more than one thousand dollars."

Article 4006 of the Revised Civil Statutes sets forth a long list of persons to whom free passes may be granted. It is our opinion that it was the intention of the Legislature to prohibit the granting or use of free passes except as to certain specified classes of persons, and that unless there is special statutory authorization allowing a person to ride on a free pass, the granting of a free pass to such person or the use of a free pass by him would be a violation of the law.

Your fourth and sixth questions may be grouped together. In these questions you ask in substance whether the Railroad Commission may designate its employees as "inspectors" in order that they may take advantage of the exceptions provided in Article 40C6, supra, which provides, in part, as follows:

"The preceding article shall not be held to prevent any steam or electrict interurban railway, telegraph company or chartered transportation company or sleeping car company or the receivers or lessees thereof or persons operating same or the officers, or agents or employees thereof from granting or exchanging free passes or free transportation, franks, privileges, substitutes for pay, or other thing prohibited by the various provisions of the preceding article to any of the following named persons: . . . State Railroad Commissioners; Secretary of the Railroad Commission; Engineer of the Railroad Commission; Inspector of the Railroad Commission; Auditor of the Railroad Commission; . . ."

We find no statutory definition of the word "inspector." Under Article 10, Section 1, of the Revised Civil Statutes, the "ordinary signification" should be applied to the word "inspector." We further believe that it was not the intention of the legislature to limit the right to receive free passes to on inspector, since under Article 10, Section 4 of the Revised Civil Statutes, "The singular and plural number shall each include the other, unless otherwise expressly provided." It is our opinion that the Commission may by its order designate employees to perform the duties usually performable by an inspector, in the ordinary signification of that word, and that such persons, while in the actual exercise of their official duties as such would be entitled to come under the exception stated in Article 4006, supra. It is our further opinion that persons who do not actually perform the duties of an inspector, could not claim to come within the said exception in Article 4006. Referring specifically to your sixth question, we do not think that the Commission, merely by designating examiners, reporters, the director, or others as inspectors and assigning to them duties usually performable by an inspector, could over come the provisions of the anti-pass statutes. We think that before a person so appointed could come within the exception in Article 4006, such appointment and assignment must be made by the Railroad Commission for the actual purpose of having such person perform the duties of an inspector, and such person must really perform such duties. In other words, the appointment and assignment must not be a subterfuge, made for the purpose of overcoming the provisions of the anti-pass statutes, but must be made for the real purpose of having the appointee perform the duties of an inspector.

In your seventh question, you ask whether it is a penal offense for an employee or officer of the Motor Transportation Division of the Railroad Commission of Texas, other than those specifically named in the anti-pass statute as being persons who may ride on passes, to ride on a pass and the extent of the penalty.

Article 1655 of the Penal Code, quoted above, provides that any person, other than those excepted by law, who uses any free pass, shall be fined not less than $100 nor more than $1000. It is our opinion that this statute clearly provides that persons who use passes without coming under the exceptions provided for in Article 4006 of the Revised Civil Statutes, shall be guilty of a criminal offense and fined in the amount stated.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ James P. Hart

James P. Hart
ASSISTANT

JPH:AMM:egw

APPROVED SEP 2, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman