

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 28, 1952

Hon. R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Opinion No. V-1396

Re: Authority of the County
Clerk to issue a certified
copy of the record of an il-
legitimate birth to the per-
son whose birth is so re-
corded or to that person's
mother without a court order.

Dear Mr. Rayford:

Your request for an opinion contains the following questions:

1. May a county clerk issue a certified copy of the record of an illegitimate birth to the person whose birth is so recorded, without a court order?

2. May the county clerk issue a certified copy of the record of an illegitimate birth to the mother of the person whose birth is so recorded, without a court order?

This office held, in Attorney General's Opinion O-1386 (1939):

"It is our opinion that the county clerk has the authority under Article 3930, R.C.S. 1925, to issue certified copies of vital statistics records on file in his office, including the authority to issue certified copies of delayed births and death certificates and that the provisions of Rule 34-a to 55-a, Art. 4477, V.A.C.S., do not in any way limit or abrogate this authority."

Prior to its amendment by the 49th Legislature, Article 4477, V.C.S., Rule 47-a, Sec. 25, provided in part:

". . . Neither the State registrar nor local registrar shall issue a certified copy of a birth or death

certificate wherein a child or an adult is stated to
be illegitimate unless such certified copy is ordered
by a court of competent jurisdiction."

Section 25, Rule 47-a, Art. 4477, V.C.S., was amended
by House Bill 415, Acts 49th Leg., R.S. 1945, ch. 354, p. 618,
which provided in part:

". . . Neither the State registrar nor any local
registrar shall issue a certified copy of any birth or
death certificate wherein a child or an adult is stated
to be illegitimate, unless such certified copy is or-
dered by the county court in the county in which said
child was born or died, or by a court of competent
jurisdiction, or by said illegitimate person or by the
guardian or legal representative thereof."

The title to House Bill 415 states:

"An Act to amend Section 3 of Chapter 4, Acts of
the First Called Session, Forty-first Legislature,1929,
(subdivision 25 of Rule 47a of Article 4477, Vernon's
Annotated Civil Statutes) so as to give a Court of com-
petent jurisdiction any the county court in the county
where the birth or death occurred authority to order
the County Clerk and the State Registrar to issue a
certified copy of any birth or death certificate where-
in a child or adult is stated to be illegitimate, and
authorizing the County Clerk to deliver, at the request
of said illegitimate person or of their guardian or legal
representative, a certified copy of such certificate; and
declaring an emergency."

This office held in Attorney General's Opinion O-6751
(1945) that House Bill 415 was defective insofar as same by its
title attempts to give the county clerk authority under circumstances
therein set out, to issue such birth or death certificates, for the rea-
son that no mention of the county clerk is made in the body of the
Bill. This office further held that it was unnecessary that any au-
thority be given the county clerk to issue certified copies of any re-
cords contained in his office, the county clerk having had such au-
thority under general law since the creation of his office. Therefore,

House Bill 415 did not confer power on the county clerk to issue certified copies of the records contained in his office nor did it restrict him in any way from doing so.

The 52nd Legislature amended sub-division 25 of Rule 47-a of Article 4477, V.C.S., by the enactment of House Bill 244. (H.B. 244, Acts 52nd Leg., R.S. 1951, ch. 223, p. 355.) House Bill 244 provides in part:

"An Act to amend Sections 14 and 18 of Senate Bill No. 46, Chapter 41, page 116, Acts of the Fortieth Legislature, First Called Session, as amended by Acts 1929, Forty-first Legislature, First Called Session, page 7, Chapter 4, Section 3; Acts 1935, Forty-fourth Legislature, page 441, Chapter 179, Section 1; Acts 1937, Forty-fifth Legislature, page 1289, Chapter 480, Section 1; Acts 1939, Forty-sixth Legislature, page 346, Sections 1 and 2, Acts 1941, Forty-seventh Legislature, page 850, Chapter 525, Section 1; Acts 1941, Forty-seventh Legislature, page 933, Chapter 564, Section 1; Acts 1943, Forty-eighth Legislature, page 112, Chapter 83, Section 1; Acts 1945, Forty-ninth Legislature, page 618, Chapter 354, Section 1; so as to provide for a standard certificate of birth; the filing of a supplementary birth certificate based on legitimation, paternity determination, and adoption; requirements for delayed registration of births and deaths; a penalty for the making of a false affidavit in support of a delayed registration of a birth or death; repealing provision requiring that itemized lists of certified copies issued by the county clerks be forwarded monthly to the State Bureau of Vital Statistics; repealing provision as to content of birth certificates; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas; . . . Section 14 . . . Neither the State registrar, county clerk, or any local registrar shall issue a certified copy of any birth or death certificate for any child or death certificate for any child or an adult stated to be illegitimate, unless such certified

copy is ordered issued by the county court of the
county in which said child was born or died, or by
a court of competent jurisdiction, or by said illegiti-
mate person or the guardian or legal representative
thereof." [Emphasis added.]

An amendment to a statute must be limited to the purpose
or subject stated in its title or caption, and as to any subject or
matter included in the body but not mentioned in the caption, the
amendment is void. Art. III, Sec. 35, Const. of Texas; Arnold v.
Leonard, 114 Tex. 535, 273 S.W. 799 (1925). Under the above au-
thority, it is our opinion that House Bill 244 is invalid and uncon-
stitutional as to that portion which is not stated in its title. There-
fore, House Bill 244 does not restrict the power of a county clerk
to issue certified copies of the records contained in his office.
We agree with you that the county clerk may issue certified copies
of the record of an illegitimate birth to the illegitimate person or
to that person's mother without a court order.

## SUMMARY

A county clerk may issue certified copies of
the record of an illegitimate birth to the child or the
mother without being ordered to do so by a court of
competent jurisdiction. Art. 3930, V.C.S.

APPROVED:                           Yours very truly,

J. C. Davis, Jr.                    PRICE DANIEL
County Affairs Division             Attorney General

E. Jacobson
Reviewing Assistant
                            By  *Robert H. Hughes*

Charles D. Mathews                  Robert H. Hughes
First Assistant                         Assistant

RHH:mh:mf