W. M. STEPHENS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stephens v. Commissioner
Docket No. 4102-76.
United States Tax Court
T.C. Memo 1980-131; 1980 Tax Ct. Memo LEXIS 459; 40 T.C.M. (CCH) 220; T.C.M. (RIA) 80131; April 21, 1980, Filed W. M. Stephens, pro se. Douglas R. Fortney, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in and additions to the Federal income tax of petitioner as follows: Deficiencies
Additions to Tax Taxable Year
in Tax
Sec. 6653(a), I.R.C. 1954 [1]
1972
$310
$15.50
1973
497
24.85
The issues *460 which we must decide are: (1) whether wages are income under the community property laws of Texas; (2) whether petitioner is entitled to a deduction for the loss of wages which he never received; and (3) whether petitioner is liable for additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Petitioner and his wife, Claudia L. Stephens, timely filed joint Federal income tax returns for each of the taxable years 1972 and 1973. During those taxable years, petitioner was employed as a painter and his wife was employed as a bank teller. The Commissioner issued a joint statutory notice of deficiency to petitioner and his wife on February 13, 1976. Petitioner timely filed a petition with this Court for a redetermination of his tax liabilities, but his wife did not join in the petition and this case was dismissed for lack of jurisdiction as to her. Petitioner was a resident of Slaton, Texas, at the time the petition herein was filed.
For several years prior to 1964, petitioner was employed by a railroad. In June of 1964 he was terminated pursuant to compjlsory arbitration. On the joint Federal income tax *461 return for 1972 petitioner and his wife included in income the wages earned by Claudia Stephens, and they deducted $2,130 from their gross income. On their 1973 Federal income tax return, they included wages earned by both of them. They again claimed a deduction from gross income, this time in the amount of $3,500. The deductions taken on both the 1972 and 1973 returns were attributable to a loss which petitioner claims he sustained as a result of his termination from the railroad. It is, in essence, a deduction for wages not paid. The Commissioner totally disallowed the deductions and further determined an addition to tax under section 6653(a).
At trial, petitioner claimed that, under Texas law, the wages earned by his wife and him were not income. Respondent disagrees. OPINION Petitioner claimed a deduction for unpaid wages which he contends are due him. He further claims that wages paid to married Texas residents are not includable in gross income under Texas' community property law. Respondent disallowed the deduction and disagrees with the contention. We agree with respondent. Petitioner concludes that he and his wife are not taxable upon wages they earned while *462 residents of Texas, a community property state. He arrives at this conclusion by an analysis of case law which is incorrect. The law governing this issue is plain, simple, and well-settled. Wages are income. Sec. 61; Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955), rehearing denied 349 U.S. 925 (1955). Texas is a community property state. Each spouse has a vested interest in half of the community property which includes the wages earned by either spouse. Lange v. Phinney,507 F.2d 1000 (5th Cir. 1975); Tex. Const. art. 16, sec. 15; Tex. Fam. Code Ann., sec. 5.01 (Vernon 1975); Arnold v. Leonard,144 Tex. 535, 273 S.W. 799 (1925). Therefore, each spouse has the obligation, not merely the right, to report half of the community income. United States v. Mitchell,403 U.S. 190 (1971). Petitioner correctly reported the wages of the marital community on the tax returns; he is incorrect in his conclusion that such wages are not includable in gross income. Petitioner's attempt to deduct unpaid wages must also fail. Congress has never intended to allow taxpayers to deduct amounts of income which *463 they failed to receive. Hort v. Commissioner,313 U.S. 28 (1941); Hendricks v. Commissioner,406 F.2d 269 (5th Cir. 1969), affg. a Memorandum Opinion of this Court. It is well established in the law that a taxpayer is not entitled to deduct as a loss, or on any other basis, wages or salary that he could have earned had he been employed. [2]
Respondent also determined an addition to petitioner's tax under section 6653(a) for both taxable years before us. Where any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax a penalty equal to 5 percent of the underpayment. Sec. 6653(a). Petitioner has the burden of proving that the imposition of this addition to tax is erroneous. Marcello v. Commissioner,43 T.C. 168 (1964), affd. on this issue 380 F.2d 499 (5th Cir. 1967), cert. denied 389 U.S. 1044 (1968). Petitioner made no attempt to overcome respondent's presumptively correct determination with regard to the section 6653(a) addition to petitioner's tax; *464 therefore, the penalty must stand. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Evans v. Commissioner,T.C. Memo. 1977-169↩.